# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.:

**CLAUDIA HERNANDEZ**,

    Plaintiff,

v.

**SKYHOP GLOBAL LLC,**
a Florida limited liability company,
**KRISTINE SCOTTO**,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Claudia Hernandez ("Hernandez"), under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Skyhop Global LLC ("Skyhop") and Kristine Scotto ("Scotto"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Skyhop is, and was a Florida company, authorized to conduct and conducting business in Florida.

3. At all material times, Scotto, is *sui juris* and a resident of Florida.

4. At all material times, Hernandez is *sui juris* and a resident of Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This is an action for unpaid overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Skyhop was at all times material hereto, in excess of $500,000.00 per annum.

8. At all material times hereto, Skyhop was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Skyhop operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Skyhop, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Skyhop is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Scotto is the CEO of Skyhop and has economic and day-to-day control of Skyhop, and of the nature and structure of Plaintiff's employment relationship with Skyhop and is therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Skyhop employed Plaintiff as an assistant manager from approximately March 27, 2017 through May 31, 2019.

15. During the relevant time period, Plaintiff was paid an annual salary of $48,000/$52,000.

16. Plaintiff was paid an annual salary when she should have been paid an hourly rate.

17. Throughout her employment with Skyhop, Plaintiff routinely worked a total of eighty (80) hours per week, with forty (40) hours of overtime.

18. Defendants failed/refused to pay to Plaintiff the required overtime wages as required by the FLSA.

19. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by Plaintiff.

20. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

21. As a result, Plaintiff has suffered damages and is entitled to receive overtime wage compensation.

22. Plaintiff has complied with all conditions precedent to filing this action.

23. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

24. On June 21, 2019, Plaintiff through her undersigned counsel, sent to Skyhop a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Skyhop failed/refused to do so.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST SKYHOP

25. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

26. This is an action against Skyhop for overtime compensation pursuant to 29 U.S.C. § 216(b).

27. Plaintiff routinely worked in excess of forty (40) hours per week for Skyhop.

28. Specifically, Plaintiff estimates that she worked for Skyhop for a total of eighty (80) hours per week, forty (40) regular hours and forty (40) overtime hours.

29. Plaintiff should have been a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

30. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

31. Skyhop failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

32. At all material times, Skyhop knew or should have known that such refusal and/or failure is prohibited by the FLSA.

33. Notwithstanding, Skyhop intentionally and willfully violated the FLSA, as cited herein.

34. At all material times, Skyhop failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

35. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## COUNT II
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA
## AGAINST SCOTTO

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-four (24) above.

37. This is an action against Scotto for overtime compensation pursuant to 29 U.S.C. § 216(b).

38. Plaintiff routinely worked in excess of forty (40) hours per week for Scotto.

39. Specifically, Plaintiff estimates that she worked for Scotto for a total of eighty (80) hours per week, forty (40) regular hours and forty (40) overtime hours.

40. Scotto had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d).

41. Plaintiff should have been a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half her regular rate for all hours worked in excess of forty (40) hours per week.

42. Defendant knew or should have known that Plaintiff suffered or was permitted to work overtime as defined in 29 U.S.C. § 203(g).

43. Scotto failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which she was employed, contrary to the provisions of 29 U.S.C. § 207(a).

44. At all material times, Scotto knew or should have known that such refusal and/or failure is prohibited by the FLSA.

45. Notwithstanding, Scotto intentionally and willfully violated the FLSA, as cited herein.

46. At all material times, Scotto failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

47. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Claudia Hernandez, respectfully requests that judgment be entered in her favor against Defendants Skyhop and Scotto, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C. §§ 2201 and 2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers, and employees from engaging in all practices found by this Court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation and overtime wage compensation for all hours that she worked for Defendants over forty (40) hours per week, but for which she was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

(f) Ordering any further relief that this Court may deem just and proper.

Respectfully submitted this 30th day of July 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
*Co-Counsel for Plaintiff*
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172